UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA VERONICA CARRANZA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:23-cv-816-KJN<br><br>ORDER; FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S IFP REQUEST<br><br>(ECF No. 2.) |

Presently pending before the court is plaintiff's motion for leave to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1]  (ECF No. 2.)

The affidavit in support of the motion indicates plaintiff and her husband have a monthly income of approximately $6,000, i.e., $72,000 annually, and have monthly expenses of $1,700. (See ECF No. 2.)  According to the United States Department of Health and Human Services, the current poverty guideline for a household of 2 (not residing in Alaska or Hawaii) is $19,720.00. See https://aspe.hhs.gov/poverty-guidelines.  As plaintiff's gross household income is over 300% of the 2023 poverty guideline, the court cannot find plaintiff unable to pay.  To be sure, the court is aware plaintiff is applying for disability benefits, and also is sympathetic to the fact that

---

[1] Actions involving review of Social Security decisions are referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. L.R. 302(c)(15).

1

plaintiff has several expenses with which to contend. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency. Thus, the court recommends plaintiff's IFP motion be denied. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

Presently, a filing fee of $402.00 is required to commence a civil action in this court. However, based on the information in the affidavit, it is clear that a one-time $402 payment may represent a significant strain on plaintiff's budget. Therefore, the court finds it appropriate to allow for monthly payments of $100 until the $400 filing fee is satisfied. The court will issue service orders upon receipt of the first installment of $102.00 (with $100 installments thereafter).

## ORDER AND RECOMMENDATIONS

Accordingly, the undersigned ORDERS the Clerk of Court to RANDOMLY ASSIGN a district judge to this action. Further, it is RECOMMENDED that:

1. Plaintiff's IFP request (ECF No. 2) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in $100 installments, beginning June 1, 2023 and due on the 1st of each month thereafter, and allow for the Clerk to issue a summons after the first installment is received; and
3. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Dated: May 5, 2023

carr.816

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE